593 P.2d 690

The STATE of Arizona, Appellee,

v.

Hubert BETHAM, Appellant.

No. 2 CA–CR 1567.

Court of Appeals of Arizona, Division 2.

Feb. 27, 1979.

Rehearing Denied March 21, 1979.

Review Denied April 10, 1979.

ination. The interview was conducted outside the presence of the judge and jury. Later, during cross-examination before the jury, he was asked about his refusal to answer certain questions during the interview. The jury subsequently found him guilty.

His appeal challenges the trial court's order on jurisdictional and constitutional grounds. Because there was no legal authority for the ruling, we do not address the constitutional question.

The state's reliance on the criminal discovery rules as supporting its position is misplaced. The rules governing disclosure of witnesses[1] and depositions[2] specifically except the defendant. The catch-all for additional disclosure not otherwise covered by the rule is limited to material or information of which the prosecutor "is unable without undue hardship to obtain the substantial equivalent by other means."[3] It has no application to an interview of a defendant who already has testified in his own behalf and thus submitted himself to cross-examination. A.R.S. § 13–163.

We cannot agree with the state that any error in use of the unauthorized interview for impeachment was harmless. The only witnesses at the trial were a police officer and the defendant. Their testimony was in direct conflict on the ultimate facts. Under questioning by the prosecutor, however, the defendant admitted that he had refused during the interview to answer whether there was anything the police officer had said on the witness stand that wasn't true. We are unable to say that beyond a reasonable doubt the foregoing did not contribute to the jury's acceptance of the officer's version as reflected by the guilty verdict.

Reversed.

HOWARD and HATHAWAY, JJ., concur.

Stephen D. Neely, Pima County Atty., by D. Jesse Smith, Deputy County Atty., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Allen Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

After direct examination of defendant at his trial on a charge of displaying a weapon not in self defense, the trial court granted the state's motion for an interview regarding testimony he might give on cross-exam-

1. 17 A.R.S. Rules of Criminal Procedure, rule 15.2(c).

2. 17 A.R.S. Rules of Criminal Procedure, rule 15.3(a).

3. 17 A.R.S. Rules of Criminal Procedure, rule 15.2(f).